FILED
BILLINGS DIV.

2008 FEB 19 PM 2 09

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CYNTHIA A. McINTIRE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | .20-<br>Case No.: CV-08-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE THAT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED** |

　　　Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Court's Doc. No. 2). In her Application, Plaintiff reports that her spouse's employment produces $23,000 annually. See *Supplement to Application to Proceed Without Prepayment of Fees and Affidavit* (Court's Doc. No. 6). She also indicates that there are no other persons dependent upon her for support.

　　　To qualify for *in forma pauperis* status, a civil litigant must demonstrate that he or she "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Bulled v. Pallavicini, 19 F.3d 1439 (9th Cir. 1994). In light of the financial information contained in Plaintiff's application, the Court cannot find that she is entitled to proceed *in forma pauperis*. See Sears, Roebuck

1

and Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2nd Cir. 1988); United States v. Valdes, 300 F.Supp.2d 82 (D.D.C. 2004); Failor v. Califano, 79 F.R.D. 12, 13 (M.D.Pa. 1978). Although Plaintiff's application does not specify her monthly expenses, the amount of her spouse's monthly income appears satisfactory to provide them with the necessities of life. Adkins, 335 U.S. at 339. It is well above the United States Dept. Of Health and Human Services' 2008 Poverty Guideline of $14,000 for a family of two persons. *See Federal Register, Vol. 73, No. 15, January 23, 2008, pp. 3971-3972.* Thus, she is not entitled to proceed without prepayment of fees.

The denial of a motion to proceed *in forma pauperis* is a final judgment, and a magistrate judge may not enter this final judgment absent consent of the parties. See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988)(citing 298 U.S.C. § 636(c)). Accordingly, the following recommendation is made.

### RECOMMENDATION

Plaintiff's Application to Proceed Without Prepayment of Fees (Court's Doc. No. 2) should be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(3), Plaintiff may not file objections to these findings with the district court. See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998).

DATED this 19th day of February, 2008.

CAROLYN S. OSTBY
UNITED STATES MAGISTRATE JUDGE