FILED
BILLINGS DIV.

**IN THE UNITED STATES DISTRICT COURT**

2008 OCT 6 PM 2 18

**FOR THE DISTRICT OF MONTANA**

PATRICK E. DUFFY, CLERK

**BILLINGS DIVISION**

BY _____
DEPUTY CLERK

| | |
|---|---|
| CYNTHIA A. McINTIRE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | CV-08-20-BLG-RFC-CSO<br><br><br>**FINDINGS AND<br>RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE** |

Plaintiff Cynthia A. McIntire ("McIntire") initiated this action to obtain judicial review of the decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383©, respectively.

By Order (Court's Doc. No. 12) filed May 19, 2008, Chief Judge Cebull referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), including submission of findings and recommendations.

Now pending before the Court are the parties' cross-motions for summary judgment. Court's Doc. No. 16 (McIntire's motion) and Court's Doc. No. 19 (Commissioner's motion). Having considered the issues presented by the parties, together with the administrative record, the Court recommends that McIntire's motion

1

be denied, the Commissioner's motion be granted, and the Commissioner's decision denying DIB and SSI be affirmed.

## I.    PROCEDURAL BACKGROUND

McIntire filed applications for DIB and SSI in August 2005.  *Tr. at 60-64.*[1]  She alleged that she became unable to work on August 1, 2002.  *Tr. at 60.*[2]  On February 2, 2006, the Social Security Administration ("SSA") denied her applications.  *Tr. at 48, 57-59.*  On May 15, 2006, the SSA denied her request for reconsideration of the denials.  *Tr. at 47, 51-54.*  McIntire requested a hearing before an administrative law judge ("ALJ").  *Tr. at 49.*  An ALJ held a hearing on September 7, 2006, at which McIntire appeared with counsel.  *Tr. at 303-66.*  On February 1, 2007, the ALJ issued a decision finding that McIntire was not disabled within the meaning of the Act.  *Tr. at 16-33.*  On December 6, 2007, the Appeals Council denied McIntire's request for review (*Tr. at 5-8*) making the ALJ's determination the Commissioner's final decision for purposes of judicial review.  20 C.F.R. §§ 404.981, 416.1481 (2008).  Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

This Court's review is limited.  The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the

_____

[1]McIntire's SSI application is not in the record, but the parties do not dispute that she filed one.

[2]At the administrative hearing, McIntire, through counsel, amended her onset date to May 31, 2003.  *Tr. at 310-11.*

2

decision is based on legal error.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  Substantial evidence also has been described as "more than a mere scintilla" but "less than a preponderance."  Sandegathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).  The District Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas, 278 F.3d at 954 (citation omitted).

## III.   *BURDEN OF PROOF*

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy."

Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42

U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)).

1.  The claimant must first show that he or she is not currently engaged in substantial gainful activity. Id.

2.  If not so engaged, the claimant must next show that he or she has a severe impairment. Id.

3.  The claimant is conclusively presumed disabled if his or her impairments are equivalent to one on the list of impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.

4.  If the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Corrao, 20 F.3d at 946.

5.  Upon such a showing, the burden then shifts to the Commissioner to prove that plaintiff can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity. Jones, 760 F.2d at 995.

If the Commissioner finds that a claimant is disabled or not disabled at any point in this

process, the review process is terminated. Corrao, 20 F.3d at 946.

## IV.   *DISCUSSION*

In his written decision, the ALJ followed the five-step sequential evaluation

process in considering McIntire's claims. From a review of the evidence of record, and

4

the testimony presented at the hearing, the ALJ first found that McIntire had not

engaged in substantial gainful activity since her alleged onset date of May 31, 2003. *Tr.*

*at 18-19.*

Second, the ALJ found that McIntire has the following "severe" impairments:

"posttraumatic stress disorder, panic disorder with agoraphobia, depression, arthritis,

edema in her lower extremities, and obesity." *Tr. at 19.*

Third, the ALJ found that McIntire's impairments, alone or in combination, do not

meet or medically equal any impairment in the Listing of Impairments. *Tr. at 19-22.*

Fourth, the ALJ found that McIntire has the residual functional capacity ("RFC")

> to walk, stand, or sit in some combination for eight hours. She can walk
> 150 feet at a time, stand for 30 minutes at a time, and sit for 30 minutes
> at a time. She can lift eight to ten pounds occasionally and less than eight
> pounds frequently. She can occasionally balance, stoop, crouch, or climb
> stairs and can seldom kneel. She can crawl less than seldom and should
> never climb anything other than stairs or ramps. She should avoid
> concentrated exposure to vibrations, cold temperatures, unprotected
> heights, and wet or slippery surfaces. She has mild restrictions of
> activities of daily living. She can perform work that is not high, constant
> stress or focus with complexity at the medium level; for example, work
> that has a specific vocational preparation between three and five. She can
> perform work that does not ordinarily require face-to-face interaction with
> the public but can have some occasional exposure to the public. She can
> perform work that does not have constant oversight or supervision but
> has minimum to medium level supervision. She can perform work with a
> small number of co-workers, who do not rotate or turnover on a constant
> basis.

*Tr. at 23.*

The ALJ also found that McIntire is able to perform her past relevant work as a

data entry clerk, and that such work does not require her to perform work-related

activities precluded by her RFC. *Tr. at 32.* Thus, the ALJ found that McIntire was not disabled under the Act through the date of his decision. *Tr. at 32-33.*

McIntire seeks remand for a new hearing. *Pltf's Mtn. for Summary Judgment (Court's Doc. No. 16) at 1; Br. in Spt. of Pltf's Mtn. for Summary Judgment ("McIntire's Br.") (Court's Doc. No. 18) at 7.* McIntire's sole argument is that the ALJ erred when he failed properly to assess her obesity and its effects on her ability to function. *McIntire's Br. at 4-7.*

In response, the Commissioner argues that substantial evidence supports the ALJ's decision. *Deft's Br. in Spt. of His Mtn. for Summary Judgment ("Commissioner's Br.") (Court's Doc. No. 20) at 4.* The Commissioner argues that the ALJ properly considered McIntire's obesity at all stages of the sequential evaluation process and did not err. *Id. at 3-10.*

The primary issues before the Court are whether substantial evidence supports the ALJ's decision, and whether the ALJ's decision is free of legal error. For the following reasons, the Court finds that the Commissioner's decision is based on substantial evidence in the record, and is free of legal error.

### A. **_ALJ's Consideration of McIntire's Obesity_**

McIntire argues generally that the ALJ erred when he "mentioned [her] obesity only in the context of step three of the sequential evaluation, and not in his determination of [her] RFC ... or in his determination of her ability to perform her past relevant work, at step four ...." *McIntire's Br. at 6.* Specifically, McIntire argues that

6

the ALJ "failed to make the required assessment 'of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment ... on a regular and continuing basis.'" *Id.* (quoting <u>Erickson v. Shalala</u>, 9 F.3d 813 (9th Cir. 1993)).  Also, McIntire argues that the ALJ "failed to consider fatigue, drowsiness, and mental health symptoms secondary to obesity that would affect her 'mental clarity' in a work setting on a sustained basis."  *Id.*  Having carefully considered these arguments along with relevant authority, the Court is not persuaded.

In the Ninth Circuit, when there is evidence that a Social Security claimant is obese, the ALJ must determine the obesity's effect on the claimant's other impairments and determine whether it increases another impairment's severity or the claimant's functional limitations.  <u>Celaya v. Halter</u>, 332 F.3d 1177, 1181-83 (9th Cir. 2003) ("The ALJ was responsible for determining the effect of [claimant's] obesity upon her other impairments, and its effect on her ability to work and general health, given the presence of those impairments."); <u>see also</u> Social Security Ruling ("SSR") 02-1p (requiring ALJ to consider obesity's effects at several steps in ALJ's evaluation).

In <u>Celaya</u>, the court held that an ALJ erred in failing to develop the record when obesity likely contributed to the claimant's disability claim even though the claimant did not raise obesity because: (1) the claimant's symptoms report implicitly raised obesity; (2) the record showed that obesity was at least close to the listing criterion and could exacerbate the claimant's reported illness; and (3) the claimant was pro se, a status

that should have caused the ALJ to develop the record with respect to the claimant's obesity. Id. at 1182.

The Ninth Circuit further refined the degree to which obesity is to be evaluated in Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2005). In Burch, the court distinguished its holding in Celaya, concluding that the ALJ did not err in failing properly to address the claimant's obesity throughout the sequential evaluation process. Id. at 682.

The court noted that, unlike the claimant in Celaya: (1) Burch was represented by counsel; (2) no evidence indicated that Burch's obesity exacerbated her other impairments, except possibly her back pain; (3) no evidence indicated that Burch's obesity limited her functioning; (4) Burch did not identify which listing she believed she would have satisfied had the ALJ considered her obesity; and (5) Burch did not present any evidence that her obesity impaired her ability to work. Id. at 682-83.

The Court concludes that the case at hand more closely resembles Burch than Celaya. First, McIntire has been represented by counsel throughout the proceedings. See, e.g., Tr. at 8, 16, and 46. She was not disadvantaged, as was the pro se claimant in Celaya, whom the court described as "an illiterate, unrepresented claimant who very likely never knew that she could assert obesity as a partial basis for her disability." Celaya, 332 F.3d at 1183 (emphasis in original).

Second, as the ALJ noted, McIntire presented no evidence that her obesity sufficiently exacerbates her other conditions to such a degree that they render her disabled. Tr. at 22. The ALJ recognized that "the claimant's obesity is a significant

8

factor in the limitations caused by her other severe impairments.  However, she still

does not have [an] impairment, or combination of impairments, that meet or equal in

severity any listed impairment." *Id.* (citing SSR 02-1p).

Third, McIntire offered no evidence that her obesity caused or contributed to her

functional limitations.  In fact, as the ALJ noted, McIntire did not even allege obesity as

an impairment.  *Id.*[3]

Fourth, McIntire presented no evidence in the administrative proceedings that

her obesity impaired her ability to work.  McIntire has not pointed the Court to any

evidence in the record showing obesity-related functional limitations that should have

influenced the ALJ's analysis.

As the ALJ acknowledged, McIntire's obesity is documented in various medical

reports in the record.  The evidence, however, is merely that "treating sources have

repeatedly instructed her to try to lose weight, as it is likely contributing to her chronic

pain symptoms, and [instructed her] to begin an exercise program." *Tr. at 22.*  Under

Burch, this evidence is not sufficient to require this Court to conclude that the ALJ

committed reversible error.  Burch, 400 F.3d at 683 (holding ALJ did nor commit

reversible error in failing to consider represented claimant's obesity where only

evidence of it was doctors' notes observing claimant's weight gain indicating obesity and

recommending weight loss program).

For the foregoing reasons, the Court concludes that the ALJ did not commit

---

[3]The ALJ nevertheless concluded at step two that her obesity was "severe" under the
Act.  *Tr. at 19, 22.*

9

reversible error.  Also, substantial evidence in the record as a whole, as summarized in the ALJ's written decision, supports his conclusions.

## V.   ***CONCLUSION***

Based on the foregoing discussion, the Court finds that substantial evidence exists in the record to support the ALJ's decision.  The Court further finds that the ALJ's decision is not based on legal error.  Therefore,

**IT IS RECOMMENDED** that McIntire's Motion for Summary Judgment (Court's Doc. No. 16) be DENIED, the Commissioner's Motion for Summary Judgment (Court's Doc. No. 19) be GRANTED, and the ALJ's decision denying DIB and SSI be AFFIRMED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of these Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation portion must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 6th day of October, 2008.

Carolyn S. Ostby
United States Magistrate Judge